# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**HILTON EVANS, #482415**

    **Petitioner,**

                                                  Case No. 2:08-CV-11286

v.                                             Honorable Denise Page Hood

                                                  Magistrate Judge R. Steven Whalen

**BRUCE L. CURTIS,**

    **Respondent.**

_____/

## OPINION AND ORDER TRANSFERRING
## CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT
## PURSUANT TO 28 U.S.C. §2244(b)(3)(A)

Pending before the court is Petitioner Hilton Evans' *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner is a state inmate currently incarcerated at Cooper Street Correctional Facility in Jackson, Michigan. Petitioner challenges his conviction[1] of absconding while on bond, Mich. Comp. Laws §750.199a, and his sentencing as a second habitual offender, Mich. Comp. Laws §769.10. For the reasons stated below, the court will transfer the matter to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## I. BACKGROUND

On December 19, 2006, Petitioner filed a habeas corpus petition in the Western District of Michigan before United States District Judge Richard Alan Enslen. The habeas petition was

---

[1]Petitioner pleaded guilty to the offense of absconding while on bond. *See Evans v. Lafler*, 2007 WL 1101176, at *2 (W.D. Mich. April 5, 2007).

dismissed with prejudice on April 5, 2007 as being frivolous pursuant to Rule 4, Rules Governing §2254 Cases. *Evans*, 2007 WL 1101176, at *1.[2] Petitioner filed a motion for reconsideration with the district court which was denied on May 14, 2007. He subsequently sought an appeal with The United States Court of Appeals for the Sixth Circuit on May 15, 2007. After multiple deficiencies with Petitioner's appeal were resolved, the Sixth Circuit denied Petitioner's motion for a certificate of appealability stating that "Evans has failed to make a substantial showing of the denial of a constitutional right." *Evans v. Lafler, et. al.,* No: 07-1629, (6th Cir. Dec. 5, 2007). On March 25, 2008, Petitioner filed the pending habeas corpus petition.

## II. DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A); *In re Wilson,* 142 F.3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer,* 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or

---

[2]Magistrate Judge Elen S. Carmody prepared a Report and Recommendation in this matter on March 6, 2007. Petitioner filed objections to the Report and Recommendation on March 19, 2007. Judge Richard Alan Enslen entered a Final Order on April 5, 2007 adopting Magistrate Judge Carmody's Report and Recommendation.

Petitioner also filed identical petitions with the Western District Court under Case #06-CV-152, on December 19, 2006, and Case #06-CV-155, on December 22, 2006. However, those matters were dismissed without prejudice as being identical to the petition filed under Case #06-CV-151.

successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals, no matter how meritorious the district court believes the claim to be. *Id.* at 971; *see also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

Petitioner has previously filed a habeas petition with the federal courts, in which he challenged the same conviction. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of this petition if it had been dismissed without prejudice on exhaustion grounds, *see Harris v. Stovall,* 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), Petitioner's prior habeas petition was dismissed with prejudice because it was deemed frivolous. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus, and he is therefore required to obtain a certificate of authorization.

Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte,* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall,* 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive petition, it would be error for this court to dismiss the petition as likewise being frivolous, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gate keeping provisions. *Corrao v. United States,* 152 F.3d 188, 190-91 (2nd Cir. 1998).

### III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as

required by 28 U.S.C. §2244(b)(3)(A).

Accordingly,

IT IS ORDERED that the Clerk of the Court **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. §1631 and *In re Sims,* 111 F. 3d at 47.


s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 3, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and

**Hilton Evans** #482415
COOPER STREET CORRECTIONAL FACILITY
3100 COOPER STREET
JACKSON, MI 49201

on July 3, 2008, by electronic and/or ordinary mail.

s/Lisa Ware for William F. Lewis
Case Manager